UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21626-Civ-COOKE/GOODMAN

GINETTE JEAN, as next friend of her husband,
MARIO JEAN,

vs.

MINNESOTA LIFE INSURANCE
COMPANY a foreign corporation,

    Defendant.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiffs' motion for partial summary judgment (ECF No. 14), Defendant's cross motion for summary judgment (ECF No. 16), and Defendant's supplemental motion for summary judgment (ECF No. 58). All motions are fully briefed and ripe for review. For the reasons discussed below, Defendant's motion for summary judgment is **GRANTED** and Plaintiffs' motion for partial summary judgment is **DENIED**.

### I.   BACKGROUND

This case involves an insured's entitlements to benefits under an accidental death and dismemberment policy, issued under policy contract number 11035000339. *Amend. Compl.* ECF No. 28 at ¶ 6. *See also* ECF No. 17-2 at 1. This policy provides $300,000 worth of accidental death and dismemberment coverage and was issued by Defendant, Minnesota Life Insurance Company ("Minnesota Life"), to Plaintiff, Ginette Jean. ECF No. 17-2 at 1; Pl.s' SMF ¶ 4; Def.'s SMF ¶ 1. The policy, which became effective on January 18, 2017, included coverage for family members. Pl.s' SMF ¶ 3; Def.'s SMF ¶ 1. As such, Ginette Jean included her husband, Mario Jean, on the policy so that they were both covered. Pl.s' SMF ¶ 3; Def.'s SMF ¶ 1. The loss covered by the policy includes loss of hearing. Relatedly, the policy states that "[l]oss of sight, speech, or hearing means the entire and irrecoverable loss of sight, speech, or hearing, which cannot be corrected by medical or surgical treatment or by artificial means." ECF No. 17-2 at 9.

1

On January 12, 2018, Mario Jean was involved in a car accident. Pl.s' SMF ¶ 8; Def.'s SMF ¶ 9. While his wife was driving, an SUV sped up to the Jeans' car and hit the right side of the car, where Mario Jean was sitting. *See* Jean Dep., ECF No. 47-3 at 7:4-9. The following day, Ginette Jean took Mario Jean to the emergency room after he complained of pain on his right side. *Id.* at 9:5-7. Noting that Mario Jean was having issues with his hearing after the accident, a doctor at the emergency room referred him to a specialist. *Id.* at 36:1-13. After visiting a few doctors and specialists after the accident, it is evident that Mario Jean continues to experience some hearing issues in his right ear; although the Parties disagree as to the extent and direct cause of the hearing loss in his right ear.

After the January 2018 accident, Plaintiffs submitted a claim under the policy to Minnesota Life, seeking benefits for Mario Jean's hearing loss. Pl.s' SMF ¶ 7; Def.'s SMF ¶ 12. On January 3, 2019, Minnesota Life denied the claim after a number of reviews, stating that Mario Jean was not entitled to benefits under the policy because his loss of hearing was not entire, as he could hear with his left ear. Pl.s' SMF ¶ 9; Def.'s SMF ¶ 24. Following this denial, Plaintiffs filed an Amended Complaint, claiming breach of contract and seeking payment of benefits under the policy and other damages. *See* ECF No. 28.

Plaintiffs presently move for partial summary judgment on the issue of whether Mario Jean's loss is covered by the policy. *See* ECF No. 14. Defendant, on the other hand, moves for summary judgement on three grounds: (i) that Mario Jean is not entitled to benefits under the certificate because his hearing loss is not entire; (ii) that Mario Jean is not entitled to benefits under the policy because his hearing loss is not irrecoverable; and (iii) that Mario Jean is not entitled to benefits because an underlying illness contributed to his hearing loss. *See* ECF No. 16.

## II.   LEGAL STANDARDS

Summary judgment is proper "when the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011); *see* Fed. R. Civ. P. 56(a), (c). "When the only question a court must decide is a question of law, summary judgment may be granted." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). "The interpretation of a contract, or agreement, presents a

question of law… as does the determination of whether a contract is ambiguous." *Id.* A contract is ambiguous if it could suggest "more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." W*estern Group Nurseries Inc. v. Ergas*, 167 F.3d 1354, 1360 (11th Cir. 1999) (citation omitted). *See also Commercial Capital Res., LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007) (noting that a contract is ambiguous if it "is susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract").

## III. DISCUSSION

Plaintiffs argue that partial summary judgement should be entered in their favor because Mario Jean is entitled to benefits under the policy for the entire and irrecoverable loss of hearing in his right ear. *See* ECF No. 14 at 2. Alternatively, Plaintiffs argue that the policy is ambiguous about whether the entire and irrecoverable loss of hearing in a single ear is covered by the policy. *Id.* Defendant argues that the policy unambiguously requires entire hearing loss, and since Mario Jean can still hear out of his left ear, it is entitled to summary judgment. ECF No. 16 at 4-5. Defendant also argues that it is entitled to summary judgment on two additional grounds. ECF No. 16 at 7-11. However, because the Court finds the issue of coverage to be dispositive, the Court does not reach those arguments.

In pertinent part, the policy includes the following provision:

What is the amount of the dismemberment benefit?

The amount of the dismemberment benefit is based on the following schedule:

Schedule of Loss From a Single Loss of:

Speech and Hearing..............................................................Principal Sum

Both Hands or Both Feet or Sight of Both Eyes........................Principal Sum

One Hand and One Foot.........................................................Principal Sum

One Foot and Sight of One Eye................................................Principal Sum

One Hand and Sight of One Eye...............................................Principal Sum

Sight of One Eye..........................................................50% of Principal Sum

One Hand or One Foot.................................................50% of Principal Sum

Speech or Hearing.......................................................50% of Principal Sum

3

> Thumb and Index Finger of Same Hand........................25% of Principal Sum
>
> Loss of hands or feet means complete severance at or above the wrists or ankle joints without subsequent reattachment.  Loss of sight, speech, or hearing means the entire and irrecoverable loss of sight, speech, or hearing, which cannot be corrected by medical or surgical treatment or by artificial means…

ECF No. 17-2 at 9.

As previously noted, Plaintiffs argue that the policy unambiguously covers the entire and irrecoverable loss of hearing in one ear because the "policy does not state - or even suggest - that a 'single loss' of hearing must involve a loss of hearing in two ears." ECF No. 14 at 11. Plaintiffs also argue, in the alternative, that the policy is at the very least ambiguous because "[a] single loss of hearing can reasonably be interpreted to mean a loss of hearing in a single ear." *Id.* at 17. Defendant maintains that the language of the policy is clear that coverage requires entire loss of hearing—*i.e.*, deafness. ECF No. 16 at 5.

Florida law requires the court to look at the policy as a whole and to give meaning to all of its terms. *See Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So.2d 938, 941 (Fla. 1979).  Under Florida law, insurance contracts are construed according to their plain meaning.  If a policy provision is clear and unambiguous, it must be enforced according to its terms.  *See Hagen v. Aetna Casualty & Surety Co.*, 675 So.2d 963 (Fla. 5th DCA 1996).  Where the language in a policy or contract is ambiguous, courts will apply a construction in favor of the insured and strictly against the drafter.  *Swire Pacific Holdings, Inc. v. Zurich Ins. Co.*, 845 So.2d 161, 165 (Fla. 2003).  However, courts will not distort the meaning of the language in a contract, or strain, to find an ambiguity.  "Only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to ordinary rules of construction does the rule on ambiguity" become relevant.  *Sphinx International, Inc. v. National Union Fire Ins. Co of Pittsburgh, Pa.*, 412 F.3d 1224, 1228 (11th Cir. 2005).  "[I]f there is no genuine ambiguity, there is no reason to bypass the policy's plain meaning." *Id.*

The language of the policy here is unambiguous.  The Court first notes that the policy does not define "entire" or "single loss." Nevertheless, the Florida Supreme Court has opined that "[t]he lack of a definition of an operative term in an insurance policy does not necessarily render the term ambiguous and in need of interpretation by the courts." *Swire Pac. Holdings, Inc.*, 845 So. 2d at 166 (Fla. 2003).  Thus, in "interpreting a contract, a court should give effect

to the plain and ordinary meaning of its terms." *Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So. 2d 827, 829 (Fla. 4th DCA 2004).  Here, the plain language of the policy states that the policy covers the loss of speech or hearing, and that loss of hearing means "the entire and irrecoverable loss of… hearing." ECF No. 17-2 at 9.  The plain meaning of the word "entire" is "*whole or complete*"[1] or "*with no part left out*."[2]  While the parties disagree on whether Mario Jean has suffered an irrecoverable loss of hearing in his right ear, there is no dispute—in fact the record is clear on this fact—that Mario Jean can hear with his left ear.  *See, e.g.*, Jean Dep., ECF No. 47-3 at 23:4-5; Grobman Dep., ECF No. 59-1 at 19-20.  Mario Jean's hearing loss is therefore not *entire* and is thus not covered by the policy.

Plaintiffs rely heavily on the inclusion of "single loss" in the subheading of the policy in support of the argument that the policy covers the entire loss of hearing in a single ear, or that it is at the very least ambiguous on this issue.  The Court is unpersuaded.  Under Florida law, "the headings or subheadings of a document do not dictate the meaning of the entire agreement, especially where the literal language of the heading is contrary to the agreement's overall scheme."  *Hinely v. Fla. Motorcycle Training, Inc.*, 70 So. 3d 620, 624 (Fla. 1st DCA 2011).  Consequently, this subheading heading alone does not in any way indicate that the entire and irrecoverable loss of hearing refers to a single ear, or that it introduces any ambiguity.  In any event, and perhaps more importantly, the phrase "single loss" is commonly used in insurance contracts to describe the events or occurrence of the loss.  *See Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So. 2d 827, 829 (Fla. 4th DCA 2004) ("Words should be given their natural meaning or the meaning most commonly understood in relation to the subject matter and circumstances, and reasonable construction is preferred to one that is unreasonable.").  This is made even more apparent when the contract is read as a whole, and not in isolation, as required by Florida law.  *See, e.g.*, ECF No. 17-2 at 9.

Further, under the doctrine of *expressio unius est exclusio alterius*, which also applies to contracts, "when certain matters are mentioned in a contract, other similar matters not mentioned were intended to be excluded." *United States v. Hill*, 643 F.3d 807, 876 (11th Cir. 2011) (internal citations omitted).  *See also Miami-Dade Cty. Expressway Auth. v. Elec.*

---

[1] *Entire*, Cambridge Online Dictionary, https://dictionary.cambridge.org/us/dictionary/english/entire (Sept. 22, 2020).

[2] *Entire*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/entire (Sept. 22, 2020).

*Transaction Consultants Corp.*, 2020 Fla. App. LEXIS 1, *4 (Fla. 3rd DCA 2020). Here, the Defendant made every effort to explain the differences in benefits for the loss of sight in both eyes and the loss of sight in one eye. The policy also includes specific distinctions for different losses of limbs and other body parts. The intentional exclusion of a distinction between the loss of hearing in one ear and the loss of hearing in both ears further undermines Plaintiffs' argument that the policy does in fact cover the loss of hearing in one ear, or that it is ambiguous in that regard.

Consequently, the Court finds that the policy is clear that entire loss of hearing is required to receive benefits under the policy. Mario Jean can hear with his left ear. Therefore, his loss of hearing is not entire. As such, Defendant Minnesota Life is entitled to summary judgment as a matter of law.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment (ECF No. 14) is **DENIED** and Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**. Defendant's Supplemental Motion for Summary Judgment (ECF No. 58) is **DENIED** *as moot*. Summary judgment is entered in favor of Defendant, Minnesota Life Insurance Company. A final Judgment will be entered separately.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 22nd day of September 2020.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*